IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EDWARD F. WIGGINS & BEVERLY WIGGINS, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) CIVIL ACT. NO. 3:20-cv-746-ECM ) (WO) |
| DARDEN RESTAURANTS, INC., | ) ) |
| Defendant. | ) |

**MEMORANDOM OPINION AND ORDER**

**I.     INTRODUCTION**

Now pending before the Court is Darden Restaurant Inc.'s ("Defendant") motion to dismiss for improper venue or, in the alternative, transfer of venue. (Doc. 7). The Defendant argues that the events that Edward Wiggins and Beverly Wiggins ("Plaintiffs") allege gave rise to this suit occurred in the Southern District of Mississippi—not the Middle District of Alabama—so this district is the improper venue. For the following reasons, the motion to dismiss is due to be DENIED, and the Court finds that further briefing and evidence is required for the Court to determine whether case should be transferred pursuant to 28 USC § 1404(a).

**II.     STANDARD OF REVIEW**

FED. R. CIV. P. 12(b)(3) allows a party to move to dismiss a case for "improper venue." Proper venue is "in (1) a judicial district in which any defendant resides . . .; (2) a judicial district in which a substantial part of the events or omissions giving rise to the

claim occurred. . . .” 28 USC § 1391(b).  Section 1406(a) provides that “[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.”  So when venue is challenged, the court must determine whether the case falls within one of the [two] categories set out in § 1391(b). “[And] if it does, venue is proper.  [But] if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a).” *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 56 (2013).

### III.  PROCEDURAL HISTORY AND FACTS

In June 2019, Edward F. Wiggins was performing an inspection at an Olive Garden in Hattiesburg, Mississippi. (Doc. 1 at 2).  After inspecting the restaurant, Wiggins slipped on a slippery wet substance on the tiled floor in the restaurant kitchen.  (*Id*. at 3).  As result of the fall, Wiggins "sustained serious personal injuries." (*Id*.).

On September 15, 2020, Wiggins and his wife Beverly Wiggins collectively sued Darden Restaurants for negligence and/or wantoness and negligent hiring/ supervision. (*Id*. at 1–6). And Beverly Wiggins individually sued for loss of consortium. (*Id*. at 7).  As residents of Opelika, Alabama, the Plaintiffs sued Darden in the Middle District of Alabama Eastern Division.

On October 21, 2020, the Defendant filed a motion to dismiss for improper venue or, in the alternative, transfer venue. (Doc. 7).  The Defendant argued that the Middle District of Alabama is the improper venue because the events that gave rise to the Plaintiffs' claims occurred in the Southern District of Mississippi Eastern Division.

2

## IV.    DISCUSSION

The Defendant argues that the Middle District of Alabama Eastern Division is not the proper venue under § 1391(b)(2), because it is not the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." (Doc. 7 at 4). Plaintiffs live in Lee County, Alabama, and Darden Restaurants operates restaurants in this District. (*Id*. at 3–4). And because these are insufficient connections under § 1391(b)(2), the Defendant argues, this Court should dismiss or transfer this case pursuant to § 1406(a).

In response, the Plaintiffs argue that the Defendant's motion for improper venue should be denied because a substantial part of the events or omissions giving rise to the claim took place in this District. (Doc. 13 at 2). And in the alternative, Plaintiffs argue the Defendant is a resident of this District for the purposes of venue under § 1391(b)(1) because the Defendant waived its objection to personal jurisdiction by failing to raise it in its motion for improper venue. (*Id*. at 3–5). Finally, the Plaintiffs argue that because the Defendant bases its transfer motion on 1406(a)—not 1404(a)—it did not address whether the case should be moved based on the convenience of the parties and witnesses. (*Id*. at 1–2).

To determine whether venue is proper in the Middle District of Alabama, the Court will consider venue under both provisions of § 1391(b).

### A. § 1391(b)(2) "Transactional Venue"

Under § 1391(b)(2) or "transactional venue", venue is appropriate in the district where the incident that gave rise to the claim occurred. In its initial motion, the Defendant argues that the Middle District of Alabama is an inappropriate venue for this case because

3

the alleged slip and fall did not occur in this district. (Doc. 7 at 1–3). The Plaintiffs respond that venue is proper because "a substantial part of the events or omissions giving rise to the claim occurred in the Middle District," specifically the Plaintiff Edward Wiggin's medical treatment. (Doc 13 at 1–2). Notably, the Plaintiffs only plead that venue is proper "in the Middle District of Alabama pursuant to 28 U.S.C. § 1391(b)(2) due to the fact that a substantial part of the events giving rise to this claim occurred in this jurisdictional district. (Doc. 1 at 2, para. 5).

Under § 1391(b)(2), venue is proper "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ." In *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366 (11th Cir. 2003), the Eleventh Circuit explained, "[o]nly the events that directly give rise to a claim are relevant. And of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered." *Id*. at 1371. The Court further explained that courts should only "focus on relevant activities of the *defendant*, not the plaintiff." *Id*. (citing *Woodke v. Dahm,* 70 F.3d 985 (8th Cir.1995)) (emphasis added). For example, in *Jenkins Brick*, the Court found the most important factor in its finding Georgia, and not Alabama, as the proper venue was the defendant's breach occurred only in Georgia. *Id*. at 1372–73. So, the appropriate inquiry is whether "acts or omissions by the defendant 'gave rise' to the plaintiff's claim and whether a 'substantial part' of those acts took place in the district." *Navigators Specialty Ins. Co. v. Auto-Owners Ins. Co.*, 2021 WL 270225, at *2 (N.D. Ga. Jan. 27, 2021) (citing *Jenkins Brick Co.*, 321 F.3d at 1372).

4

The claims in this case arise out of Edward Wiggin's slip and fall at a Hattiesburg, Mississippi Olive Garden. The Plaintiffs allege that their harms were a result of the Defendant's negligence and failure to supervise at its Hattiesburg restaurant. The Plaintiffs' complaint reads, "Defendant Darden had a duty to keep the premises in a reasonably safe condition . . . Defendant owned, operated, maintained, and or controlled said restaurant [in Hattiesburg] at the time of the incident." (Doc. 1 at 2). In the choice of law section, the complaint all but concedes that the proper venue is the Southern District of Mississippi when it explains that the court should apply Mississippi law because it is the law of "where the injury occurred." (*Id*.). To support the Middle District of Alabama as a proper venue under § 1391(b)(2), the Plaintiffs plead nothing more than "a substantial part of the events giving rise to this claim occurred in this jurisdictional district." (*Id*.). Only in their response and in an affidavit by Edward Wiggins do the Plaintiffs argue that this District is an appropriate venue because "the vast majority of Mr. Wiggins' medical treatment resulting from his injuries . . . has taken place" here. (Doc. 13 at 1). However, treatment of the Edward Wiggin's injuries that occurred in Hattiesburg did not give rise to his claims.

Because the relevant activities of the Defendant that directly gave rise to the claims occurred in Hattiesburg, Mississippi, the Middle District of Alabama is an inappropriate venue under § 1391(b)(2). Because § 1391(b)(2) serves as the basis for the venue as alleged by the Plaintiffs in the complaint, the inquiry could end here. However, in the briefs, the Parties address whether venue should be transferred pursuant to 28 U.S.C. § 1404 whereas venue may be proper under 28 U.S.C. § 1391(b)(1).

### B.  § 1391(b)(1) "Residential Venue"

Venue alternatively can be proper for a corporation in any district where the Defendant is subject to the personal jurisdiction of the court.  Although the Middle District is not an appropriate venue under § 1391(b)(2), the Plaintiffs argue that venue is appropriate under § 1391(b)(1) because the Defendant did not challenge personal jurisdiction in its motion and therefore consented to the personal jurisdiction of the Middle District of Alabama by waiver. (Doc. 13 at 2–3).  In its reply, the Defendant responds that "[t]o the extent the Defendant is considered to 'reside' in the Middle District of Alabama under Section 1391(b)(1) because of its acknowledgement of the Court's personal jurisdiction, the appropriate means for transfer . . . would be 28 U.S.C. §1404(a)." (Doc. 14 at 6).

Venue is proper in a "judicial district in which any defendant resides." § 1391(b). Under 1391(c)(2), a corporation "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." Section 1391(c)(2) provides no guidance as to how or when a party is "subject to" the court's personal jurisdiction.  Another court in this circuit explained that "subject to the court's personal jurisdiction with respect to the civil action in question *means* subject to the court's personal jurisdiction with respect to the civil action in question.  However obtained.  Whenever obtained." *Augusta Nat'l, Inc. v. Green Jacket Auctions, Inc.*, 2018 WL 797434 *3 (S.D. Ga. Feb. 8, 2018) (emphasis added).  Indeed, as it can be waived, personal jurisdiction is not necessarily required at the commencement of the suit.

Pursuant to FED. R. CIV. P. 12(h)(1), "[a] party waives any defense listed in Rule(b)(2)-(5) by failing to either: (i) make it by motion under this rule; or (2) include it in a responsive pleading . . . ." The Eleventh Circuit has stated that "a party's right to dispute personal jurisdiction is waived if the party fails to assert that objection in its first Rule 12 motion . . . ." *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1218 n.21 (11th Cir. 2009). Courts have found that when a defendant does not challenge a court's personal jurisdiction in its initial Rule 12 motion, the defendant consents to a court's personal jurisdiction by waiver and is "subject" to that court's personal jurisdiction for the purposes of venue under 1391(c)(2). *Augusta Nat'l, Inc.,* 2018 WL 797434, at *3. *See also AT&T Corp. v. Teliax, Inc.*, 2016 WL 4241910, at *2 (N.D. Cal. Aug. 11, 2016) ("But, because Teliax did not contest personal jurisdiction, it is therefore 'subject to personal jurisdiction' in this district for the purposes of establishing venue."); *Underberg v. Emp'rs Mut. Cas. Co.,* 2016 WL 1466506, at *5 (D. Mont. Apr. 14, 2016) ("EMC has not challenged this Court's jurisdiction and, under Rule 12(h)(1), has waived its right to do so. Thus, it is subject to this Court's personal jurisdiction in this civil action."). And as noted in Wright & Miller, "if an entity defendant waives its right to object to personal jurisdiction, it has ipso facto consented to venue under this statute. It is, after all, 'subject to personal jurisdiction with respect to the civil action in question.'"4D CHARLES ALAN WRIGHT, ET AL, FEDERAL PRACTICE AND PROCEDURE § 3811.1, p. 296 (4th ed. 2013).

Here, the Defendant did not challenge the Court's personal jurisdiction in its motion for improper venue. Because of this, the Defendant has waived its objection and consented to this Court's personal jurisdiction. Consequently, the Middle District is a proper venue

under § 1391(c)(2) because the Defendant is "subject to" this Court's personal jurisdiction. Therefore, the Defendant's motion to dismiss for improper venue or, in the alternative transfer venue, (doc. 7), is DENIED.

### C.  28 U.S.C. § 1404(a)

Although the Defendant cannot amend its motion in its reply brief to assert the case should be transferred based on 28 U.S.C. § 1404(a), it nevertheless appears that that there are reasons that the case should be transferred in the interest of justice and the convenience of the parties under § 1404(a).  As noted by the Eleventh Circuit in *Tazoe v. Airbus S.A.S.,* 631 F.3d 1321, 1336 (11th Cir. 2011), there is a "'long-approved practice of permitting a court to transfer a case *sua sponte* under the doctrine of *forum non conveniens,* as codified at 28 U.S.C. § 1404(a),' but only 'so long as the parties are first given the opportunity to present their views on the issue.'" (quoting *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir.1986)).  The Eleventh Circuit has recognized that "[b]efore transferring *sua sponte* under § 1404(a), 'the judge should, at minimum, issue an order to show cause why the case should not be transferred, and thereby afford the parties an opportunity to state their reasons.'" *Id.* (qouting *Starnes v. Small*, 512 F.2d 918, 934 (D.C. Cir.1974)).  This is particularly true here, where the Plaintiffs pled that venue was proper under 28 U.S.C. § 1391(b)(2) and only first referenced § 1391(b)(1) in their response brief.  Therefore, the Court will order the parties to show cause why this case should not be transferred pursuant to § 1404(a) to the Southern District of Mississippi Eastern Division.

## V. CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Defendant's motion to dismiss for improper venue or, in the alternative, transfer venue, (doc. 7), is DENIED.

2. It is further ORDERED that on or before **June 16**, **2021** the Parties shall show cause why the case should not be transferred to the Southern District of Mississippi Eastern Division on the basis of 28 U.S.C. § 1404(a). All briefs and supporting evidence shall be submitted by this deadline.

DONE this 2nd day of June, 2021.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE