,IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EDWARD and BEVERLY WIGGINS, | ) |
| | ) |
|   Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACT. NO. 3:20-cv-746-ECM |
| | )  (WO) |
| DARDEN RESTAURANTS, INC., | ) |
| | ) |
|   Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

On June 2, 2021, the Court entered a memorandum opinion and order denying the Defendant's motion to dismiss for improper venue, (doc. 15), and ordering the parties to show cause why the motion to transfer venue (doc. 7) should not be granted and this case transferred to the Southern District of Mississippi pursuant to 28 U.S.C. § 1404(a). The Plaintiffs filed a response opposing transfer. (Doc. 16). The motion is fully briefed and ripe for resolution.[1]  For the reasons that follow, the Court concludes that the motion to transfer venue (doc. 7) should be granted and this case transferred to the Southern District of Mississippi pursuant to 28 U.S.C. § 1404(a).

---

[1] Also pending before the Court is a motion to intervene (doc. 6) filed by United Wisconsin Insurance Company, Inc. Because the Court concludes that this case should be transferred to the Southern District of Mississippi, it declines to rule on the motion to intervene.

1

**JURISDICTION AND VENUE**

The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Personal jurisdiction is uncontested, and the Court has previously concluded that venue properly lies in the Middle District of Alabama. (Doc. 15).

**DISCUSSION**

When jurisdiction is based on diversity of citizenship, as is the case here, venue is proper in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2).

There is no dispute that venue would be proper in the Southern District of Mississippi because a substantial part of the events giving rise to the Plaintiffs' claims occurred in that district. The Plaintiffs' claims arise from injuries Edward Wiggins suffered when he slipped and fell in the kitchen of the Olive Garden Italian Restaurant in Hattiesburg, Mississippi. (Doc. 1 at 2, para. 7).

> On or about the 19th day of June, 2019, Plaintiff was performing an inspection on the premises of Olive Garden Italian Kitchen located at 4505 Hardy Street in Hattiesburg, Mississippi[.] . . . Following Plaintiff's inspection and upon being escorted by the manager through the restaurant, Plaintiff slipped on the tiled floor in the kitchen and sustained serious personal injuries. Plaintiff was injured when he slipped and fell where the floor was slippery due to a wet substance that had spilled and remained on the floor, creating a hazardous condition to invitees. Said hazardous condition was unmarked in any way to warn passers by of the hazard that existed.

(*Id*. at 2-3, para. 7).

The Defendant asserts that transfer of this case to the Southern District of Mississippi is in the interest of justice because "not only a 'substantial part,' but all of the events or omissions alleged to have given rise to the claims occurred" in that district. (Doc. 7 at 6).

The Plaintiffs oppose transfer to that court because venue is proper in this District and this is their chosen forum. (Docs. 13 & 16).  In addition, the Plaintiffs assert that although the accident occurred in Mississippi, all of Edward Wiggins' medical treatment for his injuries occurred in this district.  More importantly, the Plaintiffs contend that their financial condition and Edward's medical condition will "make it difficult, if not impossible, for [them] to attend trial" in Mississippi. (Doc. 16 at 7).

Although the Court has determined that venue is proper in the Middle District of Alabama, 28 U.S.C. § 1404(a) permits, "[f]or the convenience of the parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Usually, the Court accords "considerable deference" to the Plaintiffs' choice of forum and "in the usual motion for transfer under section 1404(a), the burden is on the [Defendant] to establish that the suggested forum is more convenient." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

> In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations. Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve "the convenience

3

>of parties and witnesses" and otherwise promote "the interest of justice." § 1404(a).

*Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62–63 (2013) (footnote in original omitted).

The Plaintiffs' choice of forum weighs in their favor. However, the other factors weigh in favor of transfer. The decision to transfer a case is within the discretion of the trial court with the propriety of transfer being decided based on the facts of each individual case. *See Brown v. Connecticut General Life Ins. Co.*, 934 F.2d 1193, 1196 (11th Cir. 1991). In considering whether the Defendant has demonstrated that its suggested forum is more convenient and serves the interest of justice, the Court considers a variety of case-specific factors such as

>(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) [the suggested] forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005); *see also Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (holding that a motion to transfer venue requires the court to "balance a number of case-specific factors" in an "individualized, case by-case consideration of convenience and fairness" (citation and internal quotation marks omitted)).

4

In evaluating the factors, the Court considers that the Plaintiffs are residents of this District.  However, the events giving rise to the Plaintiffs' claims all occurred in the Southern District of Mississippi.  Edward Wiggins was injured in that district and treated that day at the emergency room in Hattiesburg, Mississippi.  These factors are entitled to more weight than the Plaintiffs attribute to them.  Where, as here, "the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff[s], the choice of forum is entitled to less consideration." *Moore v. Baker*, 2018 WL 3421601, *4 (M.D. Ala. 2018) (quoting *Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1358 (M.D. Ala.1998)).

In addition, crucial evidence and witnesses are located in that district.  Litigation in the Southern District of Mississippi will provide the parties with access to key witnesses including the manager and other employees who were at the restaurant when Edward Wiggins was injured.  A critical factor for the court's consideration is the convenience of witnesses.  *See Owens v. Blue Tee Corp.*, 177 F.R.D. 673, 679 (M.D. Ala. 1998).  "The convenience of non-party witnesses is important, if not the most important, factor in determining whether a motion for transfer should be granted." *Conseal Int' Inc. v. Econalytic Sys., Inc.*, No. 09-60477-CIV, 2009 WL 1285865 (S.D. Fla. 2009) (discussing transfer under § 1404(a)).  Litigating in the Southern District of Mississippi will be more convenient for witnesses, and the availability of process to compel the attendance of unwilling witnesses also weighs in favor of transferring this case to Mississippi.

In addition, relevant evidence such as maintenance or cleaning records and other relevant documents in Olive Garden's possession will be located in Hattiesburg,

5

Mississippi. While these documents may be available electronically, the physical location of documents weigh slightly in favor of transfer.

Mississippi substantive law applies in this case, and the Plaintiffs concede that this factor "weighs only slightly" in favor of transfer to Mississippi. (Doc. 16 at 8). While the law may not be novel or complex, the District Court in Mississippi is more familiar with the applicable law, and this factor weighs in favor of transfer.

Relying on *Dekle v. Global Digital Solutions, Inc.*, 2015 WL 3562412 (S.D. Ala. 2015), the Plaintiffs argue that Edward Wiggins' medical condition weighs heavily against transfer. In *Dekle*, the plaintiff was suffering from pancreatic cancer and was undergoing chemotherapy. 2015 WL 3562412, *5. Based on the plaintiff's medical condition, the court denied a motion to transfer venue. Here is no suggestion that Edward Wiggins' medical condition is as dire and fragile as Dekle's. Moreover, days after the motion to transfer venue was denied, Dekle passed away, and the Court subsequently transferred the case to a more convenient forum. *Id*. at * 3. Thus, *Dekle* does not provide the support or persuasive effect urged by the Plaintiffs. The Court has considered Edward Wiggins' medical condition and the Plaintiffs' current financial situation and concludes that these factors weigh slightly in favor of the Plaintiffs.

The Court concludes that relevant factors — the events giving rise to the Plaintiffs' claims occurred in the Southern District of Mississippi, most of the witnesses and evidence are located in the Southern District of Mississippi, and Mississippi substantive law applies to this case — weigh heavily in favor of transfer to the Southern District of Mississippi.

Accordingly, the Court concludes that transfer to the Southern District of Mississippi is more convenient and serves the interests of justice.

## CONCLUSION

Accordingly, it is

ORDERED that, pursuant to 28 U.S.C. § 1404(a), the motion to transfer venue (doc. 7) is GRANTED, and this case is transferred to the Southern District of Mississippi.

The Clerk of the Court is DIRECTED to take the necessary steps to effectuate the transfer of this case to the Southern District of Mississippi.

Done this 30th day of July, 2021.

                          /s/Emily C. Marks
                          EMILY C. MARKS
                          CHIEF UNITED STATES DISTRICT JUDGE